W. O. THOMPSON, ET AL. *v.* Z. Z. PEAK, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—226, 230.]

**Amendments of Pleading During Trial.**

The trial court has a broad legal discretion in the matter of allowing amendments to pleadings and if he permits such amend-

ments during the trial the cause will not be reversed on account thereof in the absence of facts showing an abuse of such discretion.

**False Representations as to Quantity of Land Sold.**

Where the vendor of real estate sells a tract of ground and goes with the vendee and measures it off and then conveys according to such measurement, and it turns out thereafter that he had previously conveyed a portion thereof, it will be held in a suit to rescind the sale that his acts and conduct amount to false representation as to the quantity of land sold and conveyed and such a sale will be set aside for such fraud.

## APPEAL FROM SCOTT CIRCUIT COURT.

September 10, 1885.

OPINION BY JUDGE HOLT:

The appellees purchased of the appellant for commercial business purposes a small tract of land which was chiefly valuable by reason of its proximity to the Cincinnati Southern Railway; and after he had conveyed it to them and they had paid him therefor, they brought this action to rescind the contract of purchase and recover the purchase-money.

The petition alleges that the appellant had sold and conveyed to them, as a part of the lot so purchased by them, a portion of land which he had previously conveyed to the said railway, and that this portion constituted one-fourth in quantity and three-fourths in value of the lot he had pretended to sell to them and lay between the portion of the lot sold to them, which the appellant in fact owned, and the track of said railroad.

In the first paragraph of an amended petition the appellants stated that the deed to them embraced the said portion previously conveyed to the railway company, and that when they purchased, the appellant represented to them that he owned it. In the second paragraph they alleged that the defendant claimed that the deed he had made to them did not embrace said portion, and that this was true as they were advised and if so, that then they had accepted the deed believing that it did embrace it; that the appellant knew that they had accepted it under such belief; that he had fraudulently induced them to do so, and that one or the other state of case was true but they did not know which one. After the submission of the cause, and upon the trial they were permitted to file a second

amended petition amendatory of each paragraph of the first one, in which they alleged that at the time of the purchase the appellant fraudulently represented to them that he owned said portion of said lot, which he had previously conveyed and that he then knew he did not own. The appellant complains of this action of the court; but the court had a broad legal discretion in the matter, which in our opinion was not abused by allowing the amendment to be. filed, even upon the trial of the case.

It can not be absolutely ascertained from the deed, owing to the language used, whether or not it embraces land that the appellant had previously conveyed. It is shown that the right of way of the railway was 100 feet wide, and that adjoining it and upon the same side of it as the lot which appellees bought, the appellant had conveyed to the railway company for depot purposes, a strip of land fifty feet in width. The calls in the deed from him to the appellees are: "A certain lot or parcel of ground lying and being in Georgetown, Scott county, Kentucky, on the south side of Jackson street, beginning at a stone on the southeast corner of said lot, a corner to the depot grounds of the Cincinnati Southern Railway, thence westwardly 203 feet, more or less, to a stake, a corner to J. W. Craig's lot, thence north one hundred and eight (108) feet, more or less, with said Craig's line to Jackson street, thence eastwardly with said street two hundred and nine (209) feet, more or less, to the line of the depot ground of said railway, thence with the same southwardly one hundred and seventy-four (174) feet, more or less, to the place of beginning."

No writing was ever executed relating to the purchase save the deed, and the uncertainty as to whether it embraces land previously conveyed to the railway arises from the use of the words "more or less" in naming the distances. The draftsman of the deed, however, says that these words were used because Jackson street was a new one and they did not know its line exactly. It is true the call is: "Beginning at a stone on the southeast corner of said lot, a corner to the depot grounds of the Cincinnati Southern Railway," but it does not fix where it corners with the depot grounds, and it is shown that the line of 203 feet is exactly 50 feet short if the portion of the land previously sold to the railway is not included and said portion is exactly 50 feet wide.

It appears that the appellant, Thompson, and the appellee, Peak, were the first to measure the lines of the lot and that they began at

a corner which necessarily included, as a part of the lot, the land previously sold to the railway company. Subsequently, the appellants and another party measured it with a chain in order to get the distances to make the deed, and they also began at the same corner, so that, even if the deed does not embrace any of the land previously conveyed to the company, and this is a question of fact which the lower court decided, yet the conclusion is irresistible that the appellant, at least, by his conduct, represented to the appellees that he was selling to them, as a part of their purchase, land which he had previously sold and conveyed, and which would have constituted a material portion of their purchase as to quantity and still more as to value. The testimony of appellant himself as to what land he measured to the appellees and where they began the measurement, is not of a satisfactory character. From this testimony it appears that he does not seem to have known where his land was situated or what he owned, and he should have known this when he attempted to measure and sell it to another.

Judgment *affirmed.*

*A. Duvall, J. E. Cantrill, for appellants.*

*Darnaby & Payne, for appellees.*